# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **EMAD ALABSI** ) | **CASE NO.** |
| **1512 Jaeger Drive** ) | |
| **Lyndhurst, Ohio 44124** ) | |
| ) | **JUDGE** |
|     **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **CITY OF CLEVELAND** ) | **COMPLAINT** |
| **601 Lakeside Ave., Room 106** ) | **WITH JURY DEMAND** |
| **Cleveland, Ohio 44114** ) | |
| ) | |
| **and** ) | |
| ) | |
| **CITY OF CLEVELAND** ) | |
| **POLICE DEPARTMENT** ) | |
| **1300 Ontario St.** ) | |
| **Cleveland, Ohio 44113** ) | |
| ) | |
| **and** ) | |
| ) | |
| **PETER SAINS II** ) | |
| **1300 Ontario St.** ) | |
| **Cleveland, Ohio 44113** ) | |
| ) | |
| **and** ) | |
| ) | |
| **BRUCE TAYLOR** ) | |
| **1300 Ontario St.** ) | |
| **Cleveland, Ohio 44113** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JOHN DOE POLICE OFFICERS** ) | |
| **1 THROUGH 5** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JACK ENTERTAINMENT** ) | |
| **dba JACK CLEVELAND CASINO** ) | |
|  **100 Public Square** ) | |
| **Cleveland, Ohio 44113** ) | |

|  | ) |
|---|---|
| **Defendants.** | ) |

Now comes the Plaintiff, by and through undersigned counsel, Eric D. Hall, and for his Complaint state as follows:

1. Plaintiff Emad Alabsi (hereinafter referred to as "Plaintiff") is a resident of the City of Lyndhurst, County of Cuyahoga and State of Ohio.

2. Defendant City of City of Cleveland is a city located in Cuyahoga County, State of Ohio.

3. Defendant City of Cleveland Police Department is a department of the Defendant City of Cleveland.

4. Defendant Peter Sains II (hereinafter referred to as "Defendant Sains" and/or "Defendants") is a police officer employed by the Defendant City of Cleveland.

5. Defendant Bruce Taylor (hereinafter referred to as "Defendant Taylor" and/or "Defendants") is a police officer employed by the Defendant City of Cleveland.

6. Defendant Joe Doe Police Officers 1 through 5 are those police officers employed by Defendants City of Cleveland and Cleveland Police Department who responded to Defendant Jack Cleveland Casino on or about August 30, 2019 along with Defendant Sains and Defendant Taylor.

7. Defendant Jack Cleveland Casino (hereinafter referred to as "Defendant Jack") is a business located in the City of Cleveland, County of Cuyahoga, State of Ohio.

8. That on or about August 30, 2019, Plaintiff was at Defendant Jack playing poker in the casino.

9. Plaintiff is a professional poker player by occupation and conducts the business of playing poker at Defendant Jack's casino on a weekly basis.

2

10. That, while playing poker, Plaintiff had a minor disagreement with another player and requested assistance from Defendant Jack's staff.

11. That an employee of Defendant Jack, a floor manager approached Plaintiff at the gaming table. Plaintiff was sober, calm, and not causing any disturbance, either vocally or physically. The floor manager asked the dealer at Plaintiff's gaming table what happened. The dealer falsely stated that Plaintiff had threatened another player at the gaming table. Plaintiff had not threatened any players and denied the dealer's accusations. None of the players at Plaintiff's gaming table stated that they had been threatened by Plaintiff.

12. A different dealer came to Plaintiff's gaming table and replaced the dealer that had falsely accused Plaintiff. Plaintiff declined to be dealt in for a new hand and proceeded to leave the casino. All of the events involving Plaintiff and Defendants have been recorded by Defendant Jack's numerous video security cameras located throughout the casino.

13. Plaintiff proceeded to the podium of the casino in order to obtain a parking validation ticket. That before Plaintiff could cash out and leave 2 Police Officers, Defendant Sains and Defendant Taylor who are employed by the Defendant City of Cleveland and Defendant City of Cleveland Police Department arrived and grabbed and assaulted Plaintiff without cause or justification then charged their TASERS threatening to use them on Plaintiff. Plaintiff had done absolutely nothing to warrant the aggressive actions of the officers.

14. Defendant Jack had called the Defendant Cleveland Police Department to falsely report that Plaintiff was intoxicated, disruptive, engaging in threatening behavior.

15. The officers proceeded to grab Plaintiff, assaulting him, violently shove Plaintiff from behind almost causing him to fall and causing Plaintiff bodily injury specifically his neck and shoulder. The officers had Plaintiff's personal property in their possession including Plaintiff's chips which the officers gave the chips to a Defendant Jack security employee without Plaintiff's consent. The officers tried to force Plaintiff to leave through an unsecure area of the casino. Plaintiff, fearing for his safety refused and requested the badge numbers/identification of the officers. The officers slammed Plaintiff against a car in the casino garage injuring Plaintiff's right shoulder and neck.

16. The officers handcuffed Plaintiff and took Plaintiff against his will to the basement of the casino and imprisoned him in a locked room without a bathroom or any means to call for help. Plaintiff was never advised of his rights, never told what he was being detained or charged with and the officers further refused to identify themselves.

17. After a lengthy period of time, during which Plaintiff pleaded with the officers to use the bathroom, Plaintiff was told by the officers that he was being charged with disorderly conduct. Plaintiff refused to sign the ticket/complaint. The officers told Plaintiff that if he did not sign the ticket/complaint he would be taken to jail. Plaintiff was finally released from illegal confinement. Plaintiff later learned in the Cleveland Municipal Court that he had been charged with criminal trespass and not disorderly conduct as he was told by the officers.

18. That Defendant City of Cleveland, and the other Defendants, had a policy or practice of harassing persons and physically assaulting, falsely imprisoning, and threatening/charging persons with false and unwarranted charges..

19. That Defendant City of Cleveland, Defendant City of Cleveland Police Department condoned or ratified the unlawful actions against innocent persons by Defendant Sains, Defendant Taylor, and Defendant John Doe Police Officers 1 Through 5.

20. That Defendant City of Cleveland, and Defendant Sains, Defendant Taylor and Defendant John Doe Police Officers 1 Through 5 had a policy or practice of threatening to charge persons with violations of city ordinances or state law for engaging in behavior unrelated to the threatened charges, contrary to federal law and to the United State Constitution.

21. That Defendant City of Cleveland, Defendant City of Cleveland Police Department condoned or ratified the threats by Defendant Sains, Defendant Taylor and Defendant John Doe Police Officers 1 Through 5 to charge persons with violations of city ordinances or state law for engaging in behavior unrelated to the threatened charges, contrary to federal law and to the United State Constitution.

22. That Defendant City of Cleveland, and Defendant Sains, Defendant Taylor and Defendant John Doe Police Officers 1 Through 5, acting under the color of state law deprived Plaintiff of rights, privileges, or immunities guaranteed under federal law or the United States Constitution.

23. Plaintiff suffered damage, injury and loss as a result of Defendants' actions. Defendants' conduct was extreme and outrageous and intended to cause Plaintiff serious emotional distress.

## COUNT I

(Intentional Infliction of Emotional Distress)

24. The allegations of Paragraphs 1 to 23 are herein incorporated by reference.

25. That Defendant City of Cleveland and the other Defendants' actions against Plaintiff resulted in the intentional infliction of emotional distress on Plaintiff.

26. That, as a direct and proximate result of Defendant City of Cleveland and the other Defendants' actions, Plaintiff have suffered injury, damage, and loss.

## COUNT II

(Violation of 42 U.S.C. Section 1983)

27. As a further and separate cause of action Plaintiff states as follows:

28. The allegations of Paragraphs 1 through 27 are herein incorporated by reference.

29. That Defendant City of Cleveland and Defendant Sains, Defendant Taylor and Defendant John Doe Police Officers 1 Through 5 acting under the color of state law deprived Plaintiff of rights, privileges, or immunities guaranteed under federal law or the United States Constitution.

30. That, as a direct and proximate result of Defendant City of Cleveland and the other Defendants' actions, Plaintiff suffered injury, including emotional distress and other damage.

## COUNT III

(Defamation)

31. As a further and separate cause of action Plaintiff state as follows:

32. The allegations of Paragraphs 1 through 31 are herein incorporated by reference.

33. That Defendant Jack without reason or cause contacted the Defendant Cleveland Police Department and knowingly and falsely claimed that Plaintiff was intoxicated, disruptive, engaging in threatening behavior, and refusing to leave and thereby trespassing.

34. That, as a direct and proximate result of Defendant Jack's actions, Plaintiff suffered injury, including emotional distress and other damages.

## COUNT IV

(Abuse of Process)

35. As a further and separate cause of action Plaintiff states as follows:

36. The allegations of Paragraphs 1 through 35 are herein incorporated by reference.

37. Defendant Jack wrongfully accused and had Plaintiff wrongfully charged with committing a criminal act for the improper purpose of banning him from the casino premises.

38. That, as a direct and proximate result of Defendant Jack's actions, Plaintiff suffered injury, including emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant City of Cleveland and the other Defendants jointly and severally for compensatory damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.000), for liquidated/punitive damages as determined at trial, together with reasonable attorney fees, interest according to law and the costs of this action.

Respectfully Submitted,

*/s/ Eric D. Hall*
Eric D. Hall, #0067566
Attorney for Plaintiff
P.O. Box 232
Medina, Ohio 44258
Phone: (330) 245-7504
Email: attorneyhall@yahoo.com

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable by the maximum number of jurors permitted by law.

                                             */s/ Eric D. Hall*_____
                                             Eric D. Hall, #0067566
                                             Attorney for Plaintiff