# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EMAD ALABSI, | ) | CASE NO. 1:20-cv-1933 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE HENDERSON |
| | ) | |
| v. | ) | |
| | ) | DEFENDANT'S MOTION FOR |
| CITY OF CLEVELAND, ET AL., | ) | ATTORNEY'S FEES |
| | ) | |
| Defendants. | ) | |

Now comes the Defendant the City of Cleveland (referred to herein as "Defendant"), by and through their respective counsel, and respectfully submit the foregoing Motion For Attorneys' Fees.

Respectfully submitted,

BARBARA A. LANGHENRY (0038838)
Director of Law

By: s/*Michael J. Pike*
MICHAEL J. PIKE (0074063)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio  44114
Tel:   (216) 664-2800
Fax:   (216) 664-2663
Email: MPike@clevelandohio.gov
*Attorney for Defendant City of Cleveland*

1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September, 2021, a copy of **Defendant's Motion For Attorneys Fees** was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                s/*Michael J. Pike*  .
                                                Michael J. Pike (0074063)
                                                Assistant Director of Law
                                                City of Cleveland, Department of Law
                                                601 Lakeside Avenue, Room 106
                                                Cleveland, Ohio 44114
                                                Tel:    (216) 664-2800
                                                Fax:   (216) 664-2663
                                                Email: MPike@clevelandohio.gov
                                                *Attorney for Defendant City of Cleveland*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Defendant seeks to recover the attorneys' fees needlessly incurred by it in investigating, defending, and preparing a motion for judgment on the pleadings that had no evidentiary or factual allegations whatsoever to support a *Monell* claim against the City.

Throughout the First Amended Complaint, Plaintiff made several boilerplate, formulaic, and threadbare recitals couched as allegations against the City of Cleveland seeking recovery for the alleged violation of his Federal Constitutional rights under 42 U.S.C. § 1983.[1] FAC, ECF 33, Page ID 152.  However, as the Court correctly held, these conclusory and threadbare recitals of legal conclusions unadorned with any supporting factual allegations were insufficient as a matter of law to state a *Monell* claim against the City of Cleveland when it granted defendant's motion for judgment on the pleadings.  Order, ECF 47, Page ID 242-244. No facts were alleged to support these claims. Id., and FAC, ECF 33, Page ID 152 et seq.  As such, the claims brought against the City were at all times frivolous, unreasonable, without foundation, or brought in subjective bad faith entitling Defendant to an award of reasonable attorneys' fees.

All of the claims asserted by Plaintiff against the Defendant were at all times groundless, meritless, and/or frivolous and which may be determined by the Court in light of the utter lack of any factual support (alleged or otherwise) for these claims, to have been pursued in bad faith, meriting an award of attorney's fees in Defendant's favor.

---

[1] Plaintiff also asserted an unsupported and factually devoid state law claim for intentional infliction of emotional distress that was summarily dismissed by the Court as barred as a matter of law.  Order, ECF 47, Page ID 240-41. Plaintiff made no attempt to address the immunity argument in responding to the motion for judgment on the pleadings either.  Response, ECF 44, Page ID 214 *et seq*.

## II. LAW AND ARGUMENT

The general rule under Federal Law is that a Court may award attorneys to the prevailing parties in a case such as this where plaintiff has sought recovery under sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title. This award is available to both Plaintiffs and Defendants.

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C.A. 1988. There is no dispute that Defendant is the prevailing party with regard to all the claims asserted against it by Plaintiff as the Court granted Defendants' Motion for Judgement on the Pleadings.[2] The only issue for the Court to decide is whether any or all of the claims were frivolous, unreasonable, or without foundation.

> In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), we held that the defendant in an action brought under Title VII of the Civil Rights Act of 1964 may recover attorney's fees from the plaintiff only if the District Court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id., at 421, 98 S.Ct., at 700.

*Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

---

[2] Order, ECF 47, Page ID 236 *et seq*.

In determining whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir.1981). *Sullivan v. School Bd. of Pinellas Cty.*, 773 F.2d 1182, 1188–89 (11th Cir.1985). "Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. See, e.g., *E.E.O.C. v. Kimbrough Investment Co.*, 703 F.2d 98, 103 (5th Cir.1983); Jones, 656 F.2d at 1146. While these general guidelines can be discerned from the case law, they are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Sullivan v. School Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir.1985).

In the instant matter, it is clear that when reviewing the case as it pertains to the City of Cleveland, all the claims were groundless, without merit, and frivolous. As the foregoing portions of the Record and the Court's well-reasoned opinion enunciate, Plaintiff did not even <u>allege</u> facts which would support a claim against the City.  Order, ECF 47, Page ID 236 et seq. All three *Kimbrough* factors support finding that the entire case was frivolous because: 1) the Court dismissed the case on a motion for judgment on the pleadings and in doing so held that Plaintiff did not even allege, let alone establish, and prima facie case; 2) Plaintiff's outlandish and unsupported "$4,000,000.00 plus attorney's" fees demand[3] in this case was made in bad

---

[3] Attached hereto as Exhibit A is the settlement demand letter made by plaintiff in this matter. Even at present, no support for this astronomical demand has ever been provided to defendants. No lost wage documentation has been provided, no medical records have been provided, no medical report has been provided, and no facts are even alleged in the demand letter itself which would support a $4,000.00.00 demand.

5

faith rendering any attempt at a reasonable settlement impossible; and 3) this Court dismissed the case prior to trial at the pleadings stage. The case against the City has at all times since filing been groundless and meritless and the outrageous unsupported demand in this case indicates it was filed and maintained in bad faith as no facts are contained therein to justify the demand, no medical records or alleged treatment is set forth therein, and no legal justification for the demand was given either. As such, Defendant requests that the Court issue an Order awarding the City the fees incurred in having to defense this frivolous case.

### III. ATTORNEY'S FEES

Attached hereto as Exhibit B is an affidavit and itemized log of most of the time expended by Defendant in defending the claims asserted by Plaintiff in this matter. Ex. B. These figures include 31.9 hours wasted by Mr. Michael Pike in defending the matter from its filing through this filing. Of the fifty-three time entries, the City is only seeking recovery for 41 of them, or 78% of them. Moreover, the City is not seeking recovery for numerous emails that were sent and received amongst the parties or for several phone calls that occurred either. Ex. B.

In this case, Defendant had to defend a multitude of claims lodged against it that did not even alleged any factual support for the claims. Attached hereto as Exhibit C are two Affidavits from experience trial counsel in the area establishing that the requested hour rates of $300/hour for senior attorneys with similar experience to Mr. Pike in civil rights cases is also reasonable. Attached hereto as Exhibit D is an order from this Northern District Court by Judge Sara Lioi wherein she awarded fees to the undersigned and found the $300/hr rate reasonable. With regard to the fees, Defendant seeks recovery of the following[4]:

---

[4] In the event the Court would request additional information in support of the reasonableness of the foregoing fees, Defendants request that the Court decide the issue of liability for fees first before receiving submissions on the value of the services pursuant to F.R.C.P. 54(C).

Mr. Pike (31.9 Hours x $300/hour)            $9,570.00.

### IV. CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Court enter an order in favor of each defendant for an award of reasonable attorney's fees in accordance with the amounts and set for the herein or such other amounts as the Court deems reasonable and proper. In the alternative, Defendant requests a hearing on the issue of all attorneys' fees with the Court.

           Respectfully submitted,

           BARBARA A. LANGHENRY (0038838)
           Director of Law

     By: s/*Michael J. Pike*
           MICHAEL J. PIKE (0074063)
           Assistant Director of Law
           City of Cleveland, Department of Law
           601 Lakeside Avenue, Room 106
           Cleveland, Ohio 44114
           Tel: (216) 664-2800
           Fax: (216) 664-2663
           Email: MPike@clevelandohio.gov
           *Attorney for Defendant City of Cleveland*