# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | |
|---|---|
| EMAD ALABSI, | CASE NO. 1:20-CV-01933-CEH |
| Plaintiff, | JUDGE CARMEN E. HENDERSON<br>UNITED STATES MAGISTRATE JUDGE |
| v. | MAGISTRATE JUDGE<br>CARMEN E. HENDERSON |
| CITY OF CLEVELAND, CITY OF CLEVELAND POLICE DEPARTMENT, PETER SAINS, II, BRUCE TAYLOR, JACK CLEVELAND CASINO LLC, DANIEL R. TAYLOR, JOHN DOE, POLICE OFFICERS 1-5; AND ATLANTIS SECURITY COMPANY, | **MEMORANDUM ORDER AND OPINION** |
| Defendants, | |

## I.     Introduction

This matter is before the Court on defendant City of Cleveland's ("the City") motion for attorney's fees. (ECF No. 48). Plaintiff Emad Alabsi ("Plaintiff") filed his opposition (ECF No. 52), and Defendant filed its reply (ECF No. 54). For the reasons set forth below, the motion is DENIED.

## II.    Background

On August 29, 2020, Plaintiff filed this lawsuit against defendants City of Cleveland, City of Cleveland Police Department, Jack Cleveland Casino, Atlantis Security Company, City of Cleveland police officers Peter Sains and Daniel Taylor, and five other John Doe police officers.[1]

---

[1] Plaintiff's original complaint did not include Daniel Taylor or the Atlantis Security Company. Plaintiff added both parties when he filed his amended Complaint on January 15, 2021.

Plaintiff alleged, generally, that while at Jack Cleveland Casino police and private security assaulted Plaintiff and locked him in a basement room without cause. (ECF No. 33). He claimed intentional infliction of emotional distress, a violation of 42 U.S.C. § 1983, defamation, abuse of process, and negligence. (ECF No. 33 at 6–8).

On December 14, 2020, the Court dismissed defendant City of Cleveland Police Department on Plaintiff's request. (ECF No. 31). On March 30, 2021, the City moved for judgment on the pleadings for the intentional infliction of emotional distress and § 1983 claims—the sole claims alleged against it. (ECF No. 38). The Court granted the City's motion, dismissing all claims against it. (ECF No. 47). The Court reasoned that the City was immune from liability for the intentional infliction of emotional distress claim and that Plaintiff did not sufficiently state a violation of § 1983. (ECF No. 47 at 6, 8). The Court then granted Plaintiff's motion to dismiss all claims against defendants Peter Sains, Daniel Taylor, the Atlantis Security Company, and John Doe Police Officers 1–5 on September 21, 2021. (ECF No. 51). The only remaining claims are against Jack Cleveland Casino.

On September 8, 2021, the City moved for attorney's fees, including in its motion Plaintiff's settlement demand, an affidavit and itemized log of the City's time defending the claims, two affidavits from trial attorneys stating that the City's requested hourly rate is reasonable, and a decision from the Northern District of Ohio concluding that the City's requested rate is reasonable. (ECF No. 48). Plaintiff, after receiving an extension of time to respond, opposed the City's motion and filed an affidavit, wherein Plaintiff's counsel stated that he exercised due

---

(ECF No 33). Plaintiff also originally sued the wrong defendant and later substituted Jack Cleveland Casino as the proper defendant. (ECF No. 41).

diligence and believed the claims to have merit. (ECF Nos. 52, 53). The City timely replied on October 6, 2021. (ECF No. 54).

### III. Law and Analysis

#### A. Attorney's Fees Under 42 U.S.C. § 1988

Generally, "in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citations omitted). 42 U.S.C. § 1988 is one such statute that contravenes the general rule and allows for attorney's fees. The statute provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b). While the statute approves of attorney's fees for the "prevailing party," "a prevailing *defendant* should only recover upon a finding by the district court that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

Courts within the Sixth Circuit consider three factors to determine whether to award attorney's fees to a prevailing defendant: "(1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Balmer v. HCA, Inc.*, 423 F.3d 606, 615–16 (6th Cir. 2005), *abrogated on other grounds by Fox v. Vice*, 563 U.S. 826 (2011). It is not enough that the plaintiff's action "did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 422.

#### B. Discussion

The City argues that Plaintiff's claims against it were "groundless, without merit, and frivolous." (ECF No. 48 at 5). The City asserts that it meets all three of the relevant factors because:

> 1) the Court dismissed the case on a motion for judgment on the pleadings and in doing so held that Plaintiff did not even allege, let alone establish, [a] prima facie case; 2) Plaintiff's outlandish and unsupported "$4,000,000.00 plus attorney's" fees demand in this case was made in bad faith rendering any attempt at a reasonable settlement impossible; and 3) this Court dismissed the case prior to trial at the pleadings stage.

(ECF No. 48 at 5–6). Plaintiff responds that his § 1983 claim was not frivolous.[2] (ECF No. 52 at 8). He notes that, in dismissing his § 1983 claim against the City, this Court did not conclude that his claim was frivolous but only that he had not alleged facts of a clear and consistent pattern of illegal activity by the City. (ECF No. 52 at 8). Plaintiff's counsel also states that he exercised due diligence and investigated the factual allegations, and believed they were meritorious. (ECF No 53 at 1).

While the City is correct that the Court concluded that Plaintiff's complaint did not set forth a plausible claim for relief, it does not necessarily follow that his claim was groundless, without merit, or frivolous. "While a frivolous claim will necessarily be implausible, the converse need not be true." *Ghaith v. Rauschenberger*, 09-14336-BC, 2011 WL 3918896, at *6 (E.D. Mich. Sept. 7, 2011). "An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). The Court does not find such egregious misconduct here. "Courts that have awarded fees to prevailing defendants have emphasized the lack of evidence of unconstitutional acts presented by the plaintiff." *Smith v. Smythe-Cramer Co.*, 754

---

[2] Plaintiff also argues that the City failed to comply with Federal Rule of Civil Procedure 11's safe-harbor provision. (ECF No. 52 at 9). However, because the City did not move for sanctions under Rule 11, the Court does not address this argument.

F.2d 180, 184 (6th Cir. 1985). Here, Plaintiff alleged that City of Cleveland police officers grabbed, assaulted, and violently shoved him from behind without cause while at Jack Cleveland Casino. (ECF No. 1 ¶ 16). The officers then handcuffed Plaintiff and locked him in a room in the basement without a bathroom or a means to call for help. (ECF No. 1 ¶ 17). The officers told Plaintiff he was being charged with disorderly conduct, but ultimately charged him with criminal trespass. (ECF No. 1 ¶ 18). Plaintiff's only failing was that he did not provide sufficient evidence of a clear and persistent pattern of the City's illegal activity. This failure does not render Plaintiff's claim meritless. The Court, therefore, concludes that the City is not entitled to attorney's fees.

### IV. Conclusion

For the reasons set forth herein, Defendant's motion for attorney's fees is DENIED.

IT IS SO ORDERED.

Dated: October 20, 2021

*s/ Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE